UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00178-RJC

| RALPH T. KITCHEN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration, | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 10); his Memorandum in Support, (Doc. No. 11); Defendant's Amended Motion for Summary Judgment, (Doc. No. 16); and her Memorandum in Support, (Doc. No. 17). Due to her filing of an amended motion, Defendant's original Motion for Summary Judgement, (Doc. No. 14), is **DISMISSED as moot**. Furthermore, Defendant has filed a Consent Motion for Extension of Time, (Doc. No. 13). The Court hereby **GRANTS** Defendant's Motion and treats her Motion for Summary Judgment as timely.

I.   BACKGROUND

   A.   Procedural Background

Ralph T. Kitchen ("Plaintiff") seeks judicial review of Defendant's denial of his social security claim. (Doc. No. 1). On or about June 21, 2013, Plaintiff filed an application for Title II and Title XVI benefits, alleging an inability to work due to

disabling conditions beginning on July 1, 2007. (Doc. Nos. 9 to 9-1: Administrative Record ("Tr.") at 23, 251, 257). Plaintiff's application was denied initially and upon reconsideration. (Tr. 22, 173, 182, 186).

On October 13, 2015, Plaintiff appeared and testified at a hearing before an Administrative Law Judge ("ALJ"). (Tr. 46). At the hearing, Plaintiff amended his onset date to October 7, 2013. (Tr. 50). The ALJ issued a decision on November 18, 2015, denying Plaintiff's claim. (Tr. 20–39). Plaintiff filed a request for review of the ALJ's decision on or about December 2, 2015, (Tr. 17), which was denied by the Appeals Council on April 10, 2017, (Tr. at 3). Therefore, ALJ's 2016 decision became the final decision of the Commissioner.

B.   Factual Background

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes[1] from October 7, 2013, through the date of the ALJ's decision, November 18, 2015. (Tr. 39). To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The ALJ concluded that Plaintiff was not under a disability during the relevant time period. (Tr. 39).

---

[1] Under the Social Security Act, 42 U.S.C. §§ 301, et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a) (2012). The five steps are:

> (1) whether claimant is engaged in substantial gainful activity—if yes, not disabled;
> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509—if no, not disabled;
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1 and meets the duration requirement—if yes, disabled;
> (4) whether claimant has the residual functional capacity ("RFC") to perform his or her past relevant work—if yes, not disabled; and
> (5) whether, considering claimant's RFC, age, education, and work experience, he or she can make an adjustment to other work—if yes, not disabled.

See 20 C.F.R. § 404.1520(a)(4)(i-v). In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 37–38).

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since October 7, 2013, the amended alleged disability onset date. (Tr. 25). At the second step, the ALJ found that Plaintiff had the following severe impairments: "gout, degenerative joint disease, affective disorder, and substance addiction disorder." (Tr. 26). At the third step, the ALJ determined that Plaintiff did not have an "impairment or combination of impairments that [met] or medically equal[ed] one of the listed impairments in 20 CFR 404, Subpart P, Appendix 1." (Tr. 26–28).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform "light work" with the following limitations:

> claimant can occasionally push and pull with the upper extremities bilaterally, occasionally operate foot controls bilaterally, frequently handle bilaterally, and frequently finger on the left. The claimant can frequently climb ramps and stairs, never climb ladders, ropes, or scaffolds. The claimant can frequently stoop, occasionally kneel, frequently crouch, occasionally crawl, and stand or walk for a maximum of four hours in an eight-hour workday. The claimant requires the option to alternate between sitting and standing, or vice versa depending on the needs of the job, at 60-minute intervals, and would have the option to remain in the new position for five minutes before returning to the previous position. The claimant is limited to performing simple, routine tasks. The claimant can interact with coworkers on a frequent basis, and can interact with the public on an occasional basis.

(Tr. 28). In making his finding, the ALJ stated that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." (Tr. 28–29). The ALJ further opined that she "considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and SSRs 96-2p, 96-5p, 96-6p and 06-3p." (Tr. 29).

At the fourth step, the ALJ found that Plaintiff could not perform his past relevant work. (Tr. 36–37). Finally, at the fifth step, the ALJ determined that, after "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." (Tr. 37–38). Therefore, the ALJ concluded that Plaintiff was not "disabled" from October 7, 2013, through the date of the ALJ's decision, November 18, 2015. (Tr. 38).

4

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971), and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979). As the Social Security Act provides, if the Commissioner's findings as to any fact are supported by substantial evidence, they shall be conclusive. 42 U.S.C. § 405(g); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . ."). "Substantial evidence" has been defined as "more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith, 795 F.2d at 345. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial

evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

Plaintiff argues that the ALJ's decision warrants remand due to apparent conflicts between the testimony of the vocational expert ("VE") and inadequacies within the ALJ's RFC determination. (Doc. No. 11). The Court agrees with Plaintiff on his latter argument. The ALJ erred when attributing great weight to two State Agency opinions but otherwise failed to reconcile different findings between the two.

### A. Plaintiff Fails to Present Conflicts Between the DOT and the Vocational Expert's Testimony.

Plaintiff first argues that the VE's testimony conflicts with the DOT. (Doc. No. 11 at 5–10). In pursuing this argument, however, Plaintiff fails to cite the DOT. Rather, her relies on O*Net (Occupational Information Network). The Court finds it necessary to address this argument because Plaintiff cites no authority to support the proposition that the ALJ must discuss apparent conflicts between the VE testimony and O*Net. In fact, it is the view of most courts that no such duty exists. Spurlock v. Berryhill, No. 1:17CV411, 2018 U.S. Dist. LEXIS 20777, at *21–22 (M.D.N.C. Feb. 8, 2018) (citing Malfer v. Colvin, Civ. No. 12-169J, 2013 U.S. Dist. LEXIS 136296, 2013 WL 5375775, at *5 (W.D. Pa. Sept. 24, 2013); Ryan v. Astrue, 650 F. Supp. 2d 207, 218 (N.D.N.Y. 2009); Willis v. Astrue, Civ. No. C08-1198-RSM, 2009 U.S. Dist. LEXIS 134941, 2009 WL 1120027 at *3 (W.D. Wash. Apr. 24, 2009)). SSR 00-4p only requires the ALJ to identify and resolve apparent conflicts between the VE's

6

testimony and the DOT, not other administrative materials. (Id.) (citing Walker v. Berryhill, No. CV 16-01040-KES, 2017 U.S. Dist. LEXIS 42524, 2017 WL 1097171, at *3 (C.D. Cal. Mar. 23, 2017); SSR 00-4p, at *4-5, 2000 WL 1898704, at *2). In the absence of Plaintiff supporting his argument, Court does not believe that the ALJ has an affirmative duty to seek out and resolve apparent conflicts between the VE's testimony and O*Net when the VE did not rely on O*Net for their conclusions. See Nguyen v. Colvin, No. SACV 13-01338-DFM, 2014 WL 2207058, at *3 (C.D. Cal. May 28, 2014) ("[I]t is immaterial whether Plaintiff's RFC is compatible with the requirements of her past relevant work as determined by O*NET because the VE did not consult that source. Rather, the VE relied upon the DOT…."). Plaintiff's conflict arguments must therefore fail.

B. <u>The ALJ Erred in Failing to Reconcile the Findings of Two Opposing Findings He Otherwise Gave Great Weight To.</u>

Plaintiff next argues that the ALJ erred in his RFC analysis by failing to include limits addressing Plaintiff's problems with stress and pressures of work-related activities. (Doc. No. 11 at 11). The ALJ attributed great weight to Dr. McNulty, a consultative examiner. (Tr. 36). The ALJ acknowledged that Dr. McNulty found mildly-to-moderate impairments in Plaintiff's ability to tolerate stress as well as moderate impairments in Plaintiff's ability to tolerate stress and pressure associated with day-to-day work activities. (Tr. 32–33). Defendant responds by arguing that the ALJ did account for Plaintiff's stress, pointing to Dr. Skoll's opinion, to which the ALJ also attributed great weight. (Doc. No. 17 at 12). The ALJ noted

7

Dr. Skoll's finding that Plaintiff was capable of tolerating routine stressors in the workplace and is capable of simple, routine, repetitive tasks. (Tr. 35).

The Court does not find Defendant's argument persuasive. In fact, Defendant has done nothing short of emphasizing a conflict in the ALJ's reasoning that Plaintiff failed to point out. The ALJ put great weight on two sources and specifically identified their differing opinions as to Plaintiff's stress. The ALJ does not otherwise explain why one of those opinions is more credible over the other when it came to formulating the RFC. In fact, the ALJ directly compares the opinions of Dr. Skoll and Dr. McNulty but makes no mention of the discrepancies in their findings despite recognizing them earlier in the decision. (Tr. 35–36). As such, the ALJ failed to "build an accurate and logical bridge from the evidence to his conclusion," leaving the Court guessing as to how the ALJ accounted for Plaintiff's potential problems involving stress when he formulated Plaintiff's RFC. Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016).

## IV. CONCLUSION

The ALJ attributed great weight to two medical opinions and specified a conflict between their findings. No explanation in the ALJ's decision reconciles the discrepancies of the two opinions or how one should affect Plaintiff's RFC over the other. The Court therefore finds it necessary to **VACATE** the ALJ's decision and **REMAND** this matter in accordance to Sentence Four of 42 U.S.C. § 405(g) for further consideration in accordance with this Order.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 10), is **GRANTED**;

2. Defendant's Consent Motion for Extension of Time, (Doc. No. 13), is **GRANTED**;

3. Defendant's Motion for Summary Judgment, (Doc. No. 14), is **DENIED as moot**;

4. Defendant's Amended Motion for Summary Judgment, (Doc. No. 16), is **DENIED**; and

5. The Clerk of Court is directed to close this case.

Signed: August 29, 2018

Robert J. Conrad, Jr.
United States District Judge